# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| RENEE WOHLGEMUTH and JOSEPH WOHLGEMUTH, <br><br> Plaintiffs, <br><br> v. <br><br> EDWARD MCAULIFFE and USF HOLLAND, LLC <br><br> Defendants. | CAUSE NO.: 2:19-CV-429-TLS-JPK |

## OPINION AND ORDER

This matter is before the Court on a Stipulation of Partial Dismissal [ECF No. 28], filed by both Defendants on March 6, 2020. In this document Plaintiffs and all Defendants stipulate to the dismissal of claims against Defendant USF Holland, LLC for reckless or negligent entrustment and for negligent hiring and retention, "pursuant to [Federal Rule of Civil Procedure] 41(a)(1)(A)(ii)." Stipulation Partial Dismissal, ECF No. 28. The parties request that these claims "be dismissed, with prejudice."

Stipulated dismissals under Rule 41(a)(1)(A)(ii) do not require judicial approval. *See* Fed. R. Civ. P. 41(a)(1)(A)(ii) (stating that "the plaintiff may dismiss an action without a court order by filing . . . a stipulation of dismissal signed by all parties who have appeared"); *Jenkins v. Vill. of Maywood*, 506 F.3d 622, 624 (7th Cir. 2007) (noting that a voluntary dismissal under Rule 41(a)(1) is effective upon the filing of the stipulation); *McCall-Bey v. Franzen*, 777 F.2d 1178, 1185 (7th Cir. 1985) ("Rule 41(a)(1)(A)(ii) requires that the stipulation be filed in court, and the date of filing is the date the dismissal takes effect."). However, Rule 41(a) speaks in terms of

dismissing an "action" but does not mention the dismissal of individual claims. *See Berthold Types Ltd. v. Adobe Sys. Inc.*, 242 F.3d 772, 776 (7th Cir. 2001) (noting that Rule 41(a)(1) speaks in terms of dismissing an action, not a claim). Therefore, a stipulation for dismissal is ineffective here because the remaining claims are part of the same "action" as the claims that the stipulation seeks to dismiss.

This Court follows the reasoning set forth in *Gatling v. Nickel*, 275 F.R.D. 495 (E.D. Wis. 2011), where the district court invoked Rule 41(a)(2) to dismiss individual claims—but not the entire action—pursuant to a stipulation of the parties. The *Gatling* court noted the general consensus that Rule 41(a) provides for the voluntary dismissal of an action as opposed to individual claims. *Gatling*, 275 F.R.D. at 496. However, the court further stated:

> On the other hand, it should be noted that Rule 41(b), which allows a defendant to move for involuntary dismissal, permits the movant to request and the court to grant dismissal of the entire action, or particular claims. Fed. R. Civ. P. 41(b). While certain cases have read this dichotomy to indicate that Rule 41(a) thus does not permit dismissal of individual claims, else it would so state, *see Hells Canyon Preservation Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 n. 7 (9th Cir. 2005), it does show that Rule 41 contemplates, more generally, a court's power to dismiss individual claims. Further, the cases which prohibit dismissal of individual claims under Rule 41(a) have tended to do so in an adversarial context, that is for example, the defendant opposed dismissal or the plaintiff attempted to characterize a dismissal as voluntary on appeal. It would seem needlessly constraining, where Rule 41 otherwise contemplates dismissal of individual claims, to prohibit the dismissal of individual claims under Rule 41(a) where both parties have stipulated to such. Thus, the court is satisfied that it has the power to enter an order in this situation.

*Gatling*, F.R.D. at 496.

In consideration of the procedural context of this case, the Court finds that it has the power, as the court did in *Gatling*, to enter an order pursuant to Rule 41(a)(2) to dismiss certain claims. The Court further finds that dismissal of the claims against Defendant USF Holland, LLC for reckless or negligent entrustment and for negligent hiring and retention is appropriate

because the context in which dismissal is sought is not adversarial and there is no prejudice to either remaining party in allowing the dismissal.

## CONCLUSION

Having construed the parties' Stipulation of Partial Dismissal as a request for a Court order, the Court, pursuant to Federal Rule of Civil Procedure 41(a)(2), GRANTS the dismissal [ECF No. 28] and ORDERS that Plaintiffs' claims against Defendant USF Holland, LLC for reckless or negligent entrustment and for negligent hiring and retention are DISMISSED with prejudice. The case remains pending as to Defendant USF Holland, LLC solely on a theory of respondeat superior.

SO ORDERED on March 10, 2020.

s/ Theresa L. Springmann
CHIEF JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT